# APRIL, 1910.

### GEORGE COOPER v. THE STATE.

No. 448.   Decided March 2, 1910.

Rehearing denied April 6, 1910.

**1.—Local Option—Sale—Conflict of Testimony.**

Where, upon trial of a violation of the local option law, the State's evidence showed a sale, and that of the defendant a gift, the question was one of fact for the jury.

**2.—Same—Newly Discovered Evidence—Want of Diligence.**

Where, upon appeal from a conviction of a violation of the local option law, the record did not disclose the exercise of any diligence on the part of the appellant to secure the alleged newly discovered testimony at the trial, there was no error.

Appeal from the County Court of McCulloch.   Tried below before the Hon. Harvey Walker.

Appeal from a violation of the local option law; penalty a fine of $100 and sixty days confinement in the county jail.

The opinion states the case.

*A. G. Walker,* for appellant.

*John A. Mobley,* Assistant Attorney-General, and *J. E. Brown,* County Attorney, for the State.—On question of newly discovered evidence: Fisher v. State, 30 Texas Crim. App., 502; West v. State, 2 Texas Crim. App., 209; White v. State, 10 Texas Crim. App., 167; White's Code Crim. Procedure, sec. 1145, div. 3.

McCORD, JUDGE.—Appellant was tried and convicted in the court below of violating the local option law and was given a punishment of $100 fine and sixty days in the county jail.   He has appealed to this court and asks a reversal of the case upon two grounds.   First, because of the insufficiency of the testimony, and, second, newly discovered testimony.

Appellant was indicted at the December term, 1908, for this offense and was brought to trial in October, 1909.   On the trial of the case Drew Haywood testified that about the 25th day of October, 1908, he bought a quart of whisky from the appellant and paid him $1.75 in money for it; that this transaction occurred at a wagon yard in the town of Brady, which is south of the public square, and that the appellant was running said wagon yard at the time.   This witness further testified that he went to the wagon yard and handed the appellant a *morral* and told him he wanted to get a quart of whisky; that appellant took the *morral,* went into the little feedhouse and came out with a quart of whisky in the *morral* and handed it to the witness.   The witness says he paid the appellant the money for it at the time; that the same was whisky and that this occurred in McCulloch County. The appellant took the stand and testified that he was running a wagon yard in the town of Brady and that the witness Haywood came to the wagon yard and told him, appellant, that he, the witness, wanted some feed for his horse and handed him a *morral;* that he, the appellant, took it and filled it with corn, and when he started to hand it to the witness the witness said that it was not feed he wanted but whisky; that the witness told appellant his brother, John Haywood, was sick at home in the country and had sent him, the witness, to town to get some whisky and that he wanted appellant to let him have it.   The appellant further testified that witness' brother John being a particular friend of his, he let the said witness have a quart of whisky to carry to his brother.   Appellant also testified that the witness made a solemn promise to take the whisky on to his brother, and that he, appellant, put the bottle of whisky in the *morral* and tied it to the

horn of the saddle of the witness; that the witness took some money out of his pocket and offered to pay for the whisky, but that he, appellant, refused to accept the money. The appellant further identifies the transaction as occurring at the time and place as mentioned by the witness, Haywood. It became an issue of fact upon the trial of the case as to whether the appellant gave the whisky to appellant or whether he sold it to him. The jury found adversely to the appellant's contention in this matter and we can not reverse a case because of a controverted issue of fact.

2. The next question is, did the court err in refusing to grant a new trial on account of newly discovered evidence. The appellant sought a new trial for the testimony of one Reagor, who lived in the town of Brady, where the case was pending, but who was absent at the time of the trial, by whom he expected to prove that he, Reagor, was present at the time he let the witness Haywood have the whisky, and that he, the appellant, let said witness have it to carry home to his sick brother, and that he gave it to him and did not sell it to him. The State filed the controverting affidavit of John Haywood, who testified that he knew nothing about his brother procuring any whisky for him, but that the appellant, before the trial of the case, came to said John Haywood and admitted to him that he had sold to his brother, Drew Haywood, the whisky at the time charged. Independent of this affidavit we think that there was a clear want of diligence on the part of appellant. The indictment had been pending nearly a year. The record does not disclose the exercise of any diligence on the part of appellant to secure the testimony of this witness or to learn what he would testify. Appellant must have known that Reagor was present at the time of the occurrence, or if someone was present and he had forgotten his name, diligence would have suggested that he make an inquiry before the trial of the case. We, therefore, hold that appellant was wanting in diligence to discover this testimony and that the court below was not in error in overruling his motion for a new trial upon this ground.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*

[Rehearing denied April 6, 1910.—Reporter.]