JOHN DAVIS V. STATE.

No. 2050. Decided January 29, 1913.

**1.—Vagrancy—Evidence—Other Offenses.**

Where, upon trial of vagrancy, testimony of an attempt at bribery with which defendant was not shown to have had any connection or knowledge was inadmissible.

**2.—Same—Evidence—Other Offenses.**

Upon trial of vagrancy, it was error to admit testimony that the party, about whose place defendant was loitering, had no license to sell intoxicating liquors; there being no connection shown between the two offenses.

Appeal from the County Court of Dallas County At Law.   Tried below before the Hon. W. F. Whitehurst.

Appeal from a conviction of vagrancy; penalty, a fine of $25.

The opinion states the case.

*Seay & Seay,* for appellant.—On question of evidence of other offenses: Waterhouse v. State, 57 Texas Crim. Rep., 590, 124 S. W. Rep., 633; Owen v. State, 58 Texas Crim. Rep., 261, 125 S. W. Rep., 405; Skidmore v. State, 57 Texas Crim. Rep., 497, 123 S. W. Rep., 1129; Clark v. State, 57 Texas Crim. Rep., 181, 128 S. W. Rep., 131; Windham v. State, 57 Texas Crim. Rep., 366, 128 S. W. Rep., 1130; Pridemore v. State, 59 Texas Crim. Rep., 563, 129 S. W. Rep., 1112; Roquemore v. State, 59 Texas Crim. Rep., 568, 129 S. W. Rep., 1120; Maples v. State, 60 Texas Crim. Rep., 169, 131 S. W. Rep., 567.

*C. E. Lane,* Assistant Attorney-General, for the State.

PRENDERGAST, Judge.—Appellant was convicted of vagrancy and fined $25.

He was prosecuted under sub-division C of Article 634 of the Penal Code, charging that he was a person who had no visible and known means of a fair, honest and reputable livelihood and was able to work but did not work and had no property to support himself.

While the evidence was not very strong against him, if illegal and improper evidence had not been introduced against him, it might have been held sufficient to sustain the conviction.   However, appellant introduced testimony that he did work, showing the work he did, with whom he worked and for whom he worked.   In other words, it was a controverted issue.   The testimony of the State was t  the effect that he was repeatedly seen during the months of August, September, October and November 1911, at what is called Minter's Place, and that occasionally as an officer would pass this place from time to time they saw him sitting on a box, and that he would get out of the way and apparently or really leave and keep out of sight of the officer, after he was discovered.   What Minter's Place is, the evidence with no certainty discloses.   The officers show that he was arrested because he hung around Minter's Place.

The court then permitted the State to prove by two officers that during the early part of August 1911, Minter attempted to bribe two of them to permit gambling or gaming to go on in his place; that the officers reported that to the Police Commissioner, and he suggested that they go ahead and whenever the money was offered to take it and immediately arrest Minter for bribery; tha  Minter did give them the money a few days later and that they arrested him and were prosecuting him for bribery.   All this testimony was admitted over objections by appellant and he saved the question properly by bill of exception.   It was not shown that appellant was present or

had any knowledge or had any connection whatever with this attempted bribery, or bribery, of those officers by Minter. Under the circumstances the admission of this evidence against appellant over his objection was error.

Appellant also objected to the proof made by the State that Minter and another had no license to sell intoxicating liquors at the place called Minter's Place. Under the state of the proof in this case and the charge against appellant we can not see how such testimony was admissible against appellant. With the charge against appellant that was made and on which he was convicted and the state of the evidence as shown by this record, it was error to admit this testimony. Under some character of charge against appellant for vagrancy it might be admissible to make such proof, but not under the charge against appellant in this case.

For the errors in admitting the testimony above stated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*