THOS. C. TRIPP V. THE STATE.

No. 2824.    Decided November 19, 1913.

1.—Swindling—Evidence—Letters.

Upon trial of swindling, it was reversible error to admit in evidence the ex parte and unsworn statements of a third party contained in a letter.

2.—Same—Indictment—Variance.

Where, upon trial of swindling, the allegations in the indictment were that defendant paid for a receipt for his money, which receipt was copied in the indictment, and the facts showed that the false representation made by defendant was with reference to an application for an insurance policy, the conviction could not be sustained; besides, the indictment was insufficient and too indefinite to charge the offense of swindling.

Appeal from the County Court of Dickens.    Tried below before the Hon. O. S. Ferguson.

Appeal from a conviction of swindling; penalty, a fine of $200 and thirty days confinement in the county jail.

The opinion states the case.

*B. D. Glasgow* and *Chapman & Coombes,* for appellant.—On question of insufficiency of the indictment:   Allen v. State, 15 Texas Crim. App., 150; Johnson v. State, 57 Texas Crim. Rep., 347, 123 S. W. Rep., 143.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was prosecuted and convicted of swindling in an amount less than $50, in that he represented to Mr. Farmer that he was agent of The Reciprocal Underwriters, an insurance company, of Kansas City, Mo.; that said company had one million dollars capital and had been in business for seventeen years; that said company had a permit to do business in this State, issued by the Commissioner of Insurance, when in fact and in truth the said company did not have one million dollars in capital, had not been in business for seventeen years, and did not have a permit to do business in this State, and under such representations Mr. Farmer was induced to pay the agent $30 for a receipt set out in the indictment.

There is no proof in this record that The Reciprocal Underwriters did not have the capital stated, unless by inference to be drawn from letters written by Miss Beatrice Bess, who, in the letters, states she

Vol. 72 Crim.-7.

now resides in Houston, Texas. These letters were not written to Mr. Farmer, but to Mr. Ham. Except from the contents of the letters it does not appear from the record that Miss Bess was ever connected with The Reciprocal Underwriters, and we can not see by what rule of·law these ex parte and unsworn statements of hers, made to a third person in a letter, became admissible against appellant. Eliminate these two letters, which were inadmissible, and there is no evidence showing the allegations as to the company were false. If Miss Bess would so testify under oath to these facts, she is in reach of the process of the court.

Again, the facts would show that by reason of the representations made Mr. Farmer was induced to make an application for an insurance policy, and paid $30 as the premium on the policy, yet there are no such allegations. The allegations are that he paid $30 for a receipt for his money, and the receipt is·copied in the indictment. If he paid $30 for the receipt he got it, but that was not what he contracted to pay his money for—he was induced to pay the money for a policy of insurance, not the receipt, and the receipt is only evidence that he paid the money as a premium on the policy. The allegations in the indictment are too indefinite to charge the offense of swindling. The facts as sworn to by Mr. Farmer, that by reason of the false representations alleged, would support an indictment for swindling, if properly drawn. It should allege that by reason of these representations he was induced to make an application for insurance on his home in the sum of $2,500, and pay to him the said sum of $30 as premium on said policy, which money was obtained by means of said false representations, pretenses, etc. It was not the receipt but a policy of insurance he was induced to pay out his money for, and the allegations in the complaint and the information ·being so indefinite, it will be necessary to quash them, and the above remarks are made so that a new complaint can be filed, if it is desired to do so.

The judgment is reversed and the prosecution ordered dismissed.

*Reversed and dismissed.*