T. HENSLEY v. THE STATE.

No. 4587. Decided October 10, 1917.

1.—Local Option—Evidence—Letters—Hearsay.

 Upon trial of a violation of the local option law, where defendant pleaded an alibi, and the date of the offense became a question in the case, there was no error in refusing to admit in evidence part of a letter which defendant's witness had written to his father that defendant stayed in another county until after

the offense was committed. This was clearly hearsay, as there was no effort to impeach said defendant's witness and the testimony did not come within any of the exceptions to the rule of excluding hearsay testimony. Following Wilkerson v. State, 60 Texas Crim. Rep., 388, and other cases.

### 2.—Same—Date of Offense—Evidence.

Where there was some question about the date of the offense, there was no error in permitting a witness to testify that he fixed the date on which the defendant was last in the county of the prosecution by a conversation had with a person who had served on the jury, the fact as to the fight, etc., having been withdrawn by the court but replaced on cross-examination.

### 3.—Same—Newly Discovered Evidence—Postponement—Practice.

Where, upon hearing of a motion for new trial, defendant presented an affidavit of a witness who was then out of the State which alleged that the witness was present on a certain occasion with reference to the date of the offense, but the record showed that the same testimony could have been procured from other parties, the failure to account for such testimony and to seek a postponement to obtain it not being explained as required by law, there was no error in overruling the motion. Following Wilson v. State, 37 Texas Crim. Rep., 156, and other cases.

Appeal from the District Court of Grayson. Tried below before the Hon. C. T. Freeman.

Appeal from a conviction of a violation of the ocal option law; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*E. B. Hendricks*, Assistant Attorney General, for the State.

MORROW, JUDGE.—Appellant's conviction was for the sale of intoxicating liquors in territory where its sale was prohibited and his punishment was fixed at confinement in the penitentiary for one year.

The date of the offense, as laid in the indictment, was February 12, 1916, and there was positive evidence of the sale by appellant on that day. An alibi based upon the idea that appellant, about January 20, 1916, left Grayson County and went in company with Ambrus Golden to Foard County and remained there until about February 26, was urged. The State's contention was that appellant remained in Grayson County, near a village called Preston, during the month of February, 1916, until about the 26th day of that month. There was a marked conflict of evidence on this issue. The witness Golden testified that he and appellant went together from Grayson County to Foard County in the latter part of January, and that appellant remained there until after the 20th of February, and in connection with his testimony identified a letter dated February 24th, written by him to his father, and appellant complains of the refusal of the court to allow the introduction in evidence of a part of this letter, in which Golden wrote his father that appellant had stayed in Foard County until February 23rd and then started home. This communication from Ambrus Golden to his

father is hearsay. There is no impeachment of Golden or other fact or circumstance disclosed, which would bring the evidence offered within any of the exceptions to the rule excluding hearsay. Wilkerson v. State, 60 Texas Crim. Rep., 388; Davis v. State, 69 Texas Crim. Rep., 251, 152 S. W. Rep., 1094; Tripp v. State, 72 Texas Crim. Rep., 97; Jones v. State, 74 Texas Crim. Rep., 205, 167 S. W. Rep., 1110; Vernon's C. C. P., p. 647.

A witness by the name of Dishner testified that appellant was in Grayson County during January, 1916, and up to the latter part of February of that year, and that during this time witness had often seen appellant at Preston and in that neighborhood, and he fixed the date at which appellant left Preston as after February 20th by the circumstance of a conversation with one Mitchell, who on that date told witness he was going to town next day as a juror in court. Dishner, in relating this conversation testified that in the conversation Mitchell had told him that appellant and one Steel had had a fight on the day previous. The court, on objection, told the jury to disregard the statement that Dishner was told appellant had a fight. Proof was made that Mitchell was a juror in the District Court on February 27th. Dishner was cross-examined about the fight and various facts brought out showing that appellant and Steel did have a fight in a certain store in the village of Preston, in Grayson County. These phases of the evidence are made the basis of complaint, on the theory that the reference to the fight was hearsay, and that admission of proof of Mitchell's jury service was error. The matter amounts only to the fact that Dishner fixed the date on which he asserted that appellant was last in Grayson County by the conversation with Mitchell, and the record of the date of the service on the jury. The fact of the fight, developed on direct examination, was withdrawn by the court, but was replaced by the cross-examination by appellant, and these matters as presented in the record, disclose no error, at least none that was harmful.

On hearing of motion for new trial appellant presented the affidavit of a witness who resides in the State of Oklahoma, in which he says he was present at the time Tobe Hensley and Otis Steel had a fight at Preston, Texas, in Eli Goodale's store, and that it took place in January, 1916, and on this basis the contention that he should have been awarded a new trial under the statute relating to newly discovered evidence. No evidence was introduced in the trial to rebut the State's suggestion that the fight with Steel took place in the latter part of February. It occurred in a store, in a village, and the failure to produce the testimony of the persons in the store, his adversary in the fight, or any other witness is not accounted for except that he says that Burt Steel, the brother of Otis Steel, is in Missouri temporarily and that he did not know that Fowler, the maker of the affidavit mentioned, knew of the facts. Burt Steel, as declared in the motion, separated his brother and appellant at the time of the fight and no explanation

of his absence at the time of the trial is made; though at the time the motion was heard he is alleged to have been out of the State.

The failure to account for appellant's alleged want of knowledge of Fowler's presence at the fight, and the failure to account for the absence of Burt Steel and Otis Steel, and to seek a postponement to obtain their testimony and that of others on the question of the date of the fight, is not explained in a manner that meets the requirements of the law. Art. 837, Vernon's C. C. P., sub. 6, and cases listed vol. 2, p. 779, note 4; Wilson v. State, 37 Texas Crim. Rep., 156; O'Hara v. State, 57 Texas Crim. Rep., 577; Cooper v. State, 58 Texas Crim. Rep., 598.

Finding no reversible error in the record it is ordered that the judgment of the lower court be·affirmed.

*Affirmed.*