CECIL SNYDER v. THE STATE.

No. 14432. Delivered May 27, 1932.
Rehearing Denied June 17, 1931.

The opinion states the case.

*Baker & Adams,* of Dallas, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction is for theft; punishment, two years in the penitentiary.

The indictment in this case contained two counts, one charging theft of an automobile, and the other charging the receiving and concealing of said property. The court below submitted both counts to the jury, and they returned a general verdict of guilty, which the court applied to the first count in the indictment and adjudged appellant guilty of the theft of an automobile of the value of more than $50. The sentence imposed followed the judgment.

We find in the record three bills of exception. The first complains of the refusal of a motion to quash in which appellant attacked the indictment because it did not name or describe the stolen property further than to state that same was an automobile. We think this sufficient under all the authorities.

The second bill sets up that appellant presented five special charges, each of which was refused by the court, to which appellant excepted. The special charges referred to are not set out in bill of exception, nor do we find them anywhere in the record. Such a bill calls for no further consideration at our hands.

The remaining bill complains of the overruling of a motion in arrest of judgment, in which same alleged defect in the indictment was set up, as is above mentioned. We perceive no error in the overruling of said motion.

No error appearing, the judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

MORROW, PRRESIDING JUDGE. — Pointing to certain exhibits attached to his motion for new trial, the appellant claims in his motion for rehearing that in stating that there were no special charges requested this court was mistaken. An examination of what is termed Exhibit "B", the documents to which the appellant refers in his motion bear no evidence showing at what stage of the trial they were presented to the court; neither do they bear the signature of the appellant or his counsel. They are, however, marked "refused" under the signature of the judge presiding. In the main, they relate to the contention of the appellant that the circumstances were sufficient to require the court to submit the law of accomplice witness with reference to the evidence given by the witness

Hill. The law set forth in articles 658, 659, 660 and 666, C. C. P., makes manifest the will of the Legislature, as enacted in the statutes, that to warrant consideration on appeal of the action of the trial court in refusing to give a special instruction to the jury, the request therefor shall be presented before the court delivers his charge to the jury. In the construction of these statutes, the uniform holding of this court is that in order to be considered upon appeal, the record must show that the special charge was presented to the trial judge before the argument began and before the court's charge was given to the jury. Nothing is found in the record on the present appeal making evidence that there was compliance with the statutory directions mentioned.

The exhibits mentioned, attached to the motion for new trial, are not in a condition to invoke the consideration of this court as attacks upon the charge of the trial court. See Jones v. State, 74 Texas Crim. Rep., 205, 167 S. W., 1110, and numerous other cases collated in Vernon's Tex. Cr. Stat., 1916, vol. 2, p. 525, note 63, wherein it is said:

"Defendant's requested charges, not shown to have been presented to the court or acted upon by it before the charge and argument, could not be considered on appeal."

See also Vernon's Ann. Tex. C. C. P., 1925, vol. 2, p. 266, notes 11 and 12.

The motion for rehearing is overruled.

*Overruled.*