## CLARENCE HICKS V. THE STATE.

No. 17488.   Delivered May 1, 1935.
Rehearing Denied May 29, 1935.

The opinion states the case.

*R. B. Hood,* of Weatherford, and *Jno. L. Poulter,* of Fort Worth, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was tried and convicted of the offense of fraudulently receiving and concealing an automobile knowing it to have been stolen, and his punishment was assessed at confinement in the State penitentiary for a term of two years.

The testimony adduced by the State shows that on the 26th day of August, A.D. 1934, Mr. J. J. Parker drove into the city of Fort Worth in his 1931 Model Ford automobile which he parked between Main and Houston Streets while he attended a picture show, and when he returned to where he had parked his car it was gone. At the time the car was taken the reasonable market value of same was $300.00. Some time thereafter the car was found in the possession of the appellant at Poolville, in Parker County, Texas. When the constable at Poolville first saw the apellant driving said car it carried license plates with the following numbers thereon, to-wit: A-40175, which had been issued in Wise County to one Cecil Rhodes. The next time said officer saw apellant driving said car it carried license plates with the following numbers: 798,704, which had been issued to Jim Sells, and at the time the officers took charge of the car it carried license plates issued to John Gilliland. An examination of the car revealed the fact that the engine number had been changed from

4,307,760 to 4,307,780, and the license plates which were on the car at the time it was stolen had been removed. Lawrence Willhite testified for the State that he stole the car at Fort Worth and drove it to his father's home in Parker County; that he changed the engine number and removed the license plates which it carried at the time he stole it and threw them into a well at appellant's home at the suggestion of appellant; that he sold the car to the appellant for the sum of $36.00 and advised appellant at the time that it was a stolen car, whereupon appellant replied that he knew it was "hot" as he Willhite, did not have enough money to buy a car like that; that prior to the time he delivered the car to appellant he had borrowed a set of license plates from Cecil Rhodes of Wise County which he had put on the car; that a few days later Rhodes came to get his license plates, and he accompanied Rhodes to apellant's home, obtained the license plates, and that appellant carried Rhodes home in the car.

The appellant testified in his own behalf and denied that he knew the car was stolen; that he had loaned Willhite $26.00 which was secured by a watch; that Willhite came to his, appellant's, home in the car and wanted to leave it and get his watch; that he let Willhite have the watch and gave him an additional sum of $10.00 for the car. He denied that Cecil Rhodes came to his home for any license plates or that he carried him home. He said that the license plates which were on the car at the time he received it were removed from the car when he was attending a dance, and then he borrowed some license plates from Jim Sells as he was going to drive over into Wise County, but on his return Jim Sells came and got his license plates. He also denied knowing anything about John Gilliland's license plates being on the car. His wife corroborated him as to the delivery of the car by Willhite, the amount of money paid, and the return of the watch to Willhite.

By Bill of exception No. 1 the appellant complains of the action of the trial court in overruling his motion to quash the indictment because it is vague and indefinite and does not state what kind or character of an automobile he is charged with receiving and concealing. We can not agree with the appellant in his contention. The indictment is in the usual form. The necessity for stating the kind and character of an automobile is not any greater than to state the kind and character of a horse; all that is necessary to be stated is that it is a horse.

598

By bill of exception No. 2 the appellant complains of the action of the trial court in permitting the witness Lawrence Willhite to testify in the case because the witness had been convicted and given a suspended sentence. The bill fails to show when the conviction took place, whether it was before or since the enactment of an amendment to article 708, C. C. P., which permits convicts to testify. See Fitzgerald v. State, 118 Texas Crim. Rep., 64; Stanley v. State, 120 Texas Crim. Rep., 450.

By bill of exception No. 3 the appellant complains of the action of the trial court in not instructing the jury on the law of circumstantial evidence. Under the facts in this case the court was not required to charge on circumstantial evidence because the accomplice Willhite testified that the appellant knew at the time he received the car that it was a stolen car, and in support of the views herein expressed we refer to the case of Wilson v. State, 115 Texas Crim. Rep., 308.

By bill of exception No. 4 the appellant complains of the following paragraph of the court's main charge: "You are further charged that if you believe and find from the testimony beyond a reasonable doubt that the defendant received the property in question, said automobile, and thereafter handled said automobile in a manner that would throw the owner of said automobile or others making investigation of the theft of same off their guard in their search and investigation of same, this will amount to concealing said automobile." The only objection urged to the charge as shown by the bill of exception is that it invades the province of the jury and is a charge upon the weight of the evidence and calculated to mislead and confuse the jury in their deliberations in an effort to reach a verdict under the law and the testimony. We do not believe that the objection to said charge is well taken under the authority of Polk v. State, 60 Texas Crim. Rep., 150, and Barker v. State, 2 S. W. (2d) 851, in which this court said: "The word 'conceal' is not to be given a literal construction of 'hiding,' but may be by handling the property in a manner that would throw the owner off his guard in his search for it." We do not wish to be understood, however, as holding that the charge referred to would be a correct enunciation of the law under all circumstances because if the party did not know that the property was stolen and did not intentionally conceal the same, the charge above referred to would not be applicable, but in the case at bar, according to the State's testimony, the appellant knew that the car was

stolen at the time that he received it and intentionally and purposely changed the license plates thereon on three different occasions. It is our opinion that under the facts in this case the charge does not disclose such an error as to call for a reversal of this case.

By bills of exception Nos. 5 and 6 the appellant complains of the action of the trial court in permitting the State to recall Mrs. Hicks, wife of appellant, after she had testified in behalf of the appellant and elicit from her the fact that when Mr. Gray and Mr. Reynolds came to her home to investigate about the car that she told them that she did not know from whom her husband got the car; that she did not tell them that she knew he did not get it from Willhite, and then undertook to impeach her by proving by Mr. Gray and Reynolds that she did tell them that she knew her husband did not get the car from Willhite. She had on direct examination testified that Willhite came to their home in the car and wanted his watch; that her husband called to her to bring the watch, which she did, and returned to the house, and then he called to her to bring ten dollars, which she did, and that she saw her husband deliver it to Willhite, and that Willhite left the car in her husband's possession. It occurs to us that this was legitimate cross-examination of matters germane to her direct testimony for the purpose of contradicting her and was not violative of article 714, C. C. P., forbidding the use of the wife's testimony against her husband, and in support of the views here expressed we refer to the case of Barrow v. State, 72 S. W. (2d) 594; Hicks v. State, 97 Texas Crim. Rep., 375, 261 S. W., 579.

By bill of exception No. 7 the appellant complains of the action of the trial court in declining to permit him, after the State and the defendant had rested and the testimony was closed, to place Mrs. Hicks, wife of appellant, back on the witness stand for the purpose of showing by her that Mr. Reynolds did not get out of the car in which he came and did not get any closer to the house than five steps. In case of Vineyard v. State, 96 Texas Crim. Rep., 401, and also Beeson v. State, 60 Texas Crim. Rep., 39, this court held that the matter of presenting evidence and the hearing of testimony in rebuttal is discretionary with the trial court, and in the absence of facts clearly showing an abuse of this discretion to the prejudice of the accused, a reversal would not be justified.

By bill of exception No. 8 appellant complains of the action

of the trial court in amending the verdict of the jury. The court qualified the bill of exception and in his qualification states that when the jury returned into court and said that they had agreed upon a verdict that he took it and read it and then asked them if they intended that for plaintiff or defendant, and the foreman said they intended to find the defendant guilty, and he, the court, then asked them if it was agreeable with them for him to change the form of the verdict and they all indicated that it was, and he then changed the verdict to read, "We, the jury, find the defendant guilty as charged in the indictment and assess his punishment at two years in the penitentiary"; that he then read the verdict to the jury and asked them, as reformed, if that was what they intended to find and had found and each of them answered "yes"; that this was all done before the verdict was received or announced.

It is our opinion that the bill of exception as thus qualified fails to show any error. The court submitted to the jury the case upon one count in the indictment; the one charging the receiving and concealing of a stolen automobile. The jury's verdict will be construed in connection with the court's instruction and in obedience thereto.

The judgment and sentence in this cause recite that the defendant, Clarence Hicks, is guilty of theft of property over the value of Fifty Dollars; this is not in accord with the verdict of the jury. The judgment and sentence will be reformed so as to read that the defendant is guilty of the offense of receiving and concealing stolen property over the value of Fifty Dollars and that he be confined in the State penitentiary for a term of two years, and as reformed, the judgment and sentence will be affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—In appellant's motion for rehearing he requests us to re-examine the statement of facts to determine if the accomplice witness was sufficiently corroborated to permit the conviction to stand under the provision of article 718, C. C. P.., relative to the necessity of corroborating such witness. We have again carefully gone into the statement of facts, having in mind that the corroborating evidence is ample

if credence is placed in the testimony of the State's non-accomplice witnesses, and that was a matter solely for the jury.

The only other point urged is that we fell into error in disposing of bill of exception No. 4, which is discussed at some length in our original opinion. The fact that within a short space of time after the car came into appellant's possession it bore three different license plate numbers was calculated to mislead parties who might be searching for the stolen car. It was used by appellant with knowledge of the change in the license numbers. Under the facts we fail to see how the instruction complained of in bill of exception No. 4 can be held to have harmed appellant, although the form of the charge might under other circumstances be subject to just criticism.

The motion for rehearing is overruled.

*Overruled.*