**James WARD, Jr., Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 42297.**

Court of Criminal Appeals of Texas.

Nov. 5, 1969.

Stephen A. Wakefield, Houston, for appellant.

Carol C. Vance, Dist. Atty., Houston, James C. Brough and Vic Percorino, Asst. Dist. Attys., Houston, and Jim Vollers, State's Atty., Austin, for the State.

## OPINION

BELCHER, Judge.

The conviction is for felony theft of an automobile with a prior conviction for the same offense alleged for enhancement; the punishment, ten years.

■ It is contended that the evidence is insufficient to show that the automobile stolen from Jack D. Owen was the same automobile in which the officers found the appellant sitting twenty-two days later.

Jack D. Owen testified that he was the owner of a 1966 Chevrolet automobile, license No. PDR 13, which he parked near his office about 9:30 a. m., on December 13, 1967, and which was missing about 1 p. m., that day; and that he did not give the appellant or anyone his consent to take the car.

Officer McKeehan testified that while on routine patrol on January 4, 1968, he and his companion saw the appellant sitting on the driver's side of a " '66 Chevrolet with a '67 Texas license plate" PDR 13, which was parked in front of the 500 Club and after checking their "rap sheet" they found that it was listed among the cars stolen during the previous thirty days. As they kept the appellant continuously under surveillance while they were turning around, they saw the appellant, who was alone in the car, move from the driver's side to the passenger side of the Chevrolet.

While testifying, the appellant stated that as he was walking along the street on January 4, 1968, a man, who said his name was Paul Wiggins, picked him up in a car and after travelling four or five blocks Wiggins said he had to stop at the 500 Club for a few minutes, and he (the appellant) remained seated on the passenger side of the car while Wiggins entered the club. The appellant also testified that he was the same person who had been previously convicted for felony theft of an automobile on January 9, 1967, which corresponded with the conviction alleged for enhancement. Further, record proof of the alleged prior conviction is contained in the record.

Officer McKeehan, recalled by the state on rebuttal, testified that he first observed the appellant in the car about 6 p. m. The appellant told them that Paul Wiggins

was the driver of the car and was then inside of the 500 Club. With the appellant they entered the club and asked appellant to point out Wiggins, but he was unable to do so. They checked the club including the rest rooms and did not find any unlocked rear door or exit except the front door through which anyone could leave the building, and then they talked to the seven or eight persons and the proprietor who were in the building. None of them had seen or knew anything about Paul Wiggins.

The court charged the jury upon the law applicable to circumstantial evidence.

The description of the automobile as shown by the testimony of the witnesses Owen and McKeehan and the following testimony of the appellant:

"Q    Now, you heard the testimony of Mr. Owen and Officer McKeehan. Do you remember the 4th day of January, 1968, when you were arrested by Officer McKeehan?

"A    Yes, I do.

"Q    Were you in that vehicle, James, at that time?

"A    Yes, sir, I was."

is sufficient to warrant the finding that the appellant was sitting in Owen's automobile at the time he was apprehended by Officer McKeehan at the 500 Club.

■    The second ground urged as error is that:

"The state's case of circumstantial evidence will not sustain a conviction because a presumption of guilt was not raised from the mere fact of possession alone."

To support his position, the appellant contends that where the state relies upon possession alone to establish the accused's guilt and no evidence is introduced to show that the explanation given is false, the accused is entitled to acquittal.

The presence of the appellant behind the steering wheel while alone in the car parked at the 500 Club, twenty-two days after the theft, that he moved from the driver's side to the passenger side when the officers turned around and started back toward him, and the explanation that the driver of the car, Paul Wiggins, had picked him up, but had just gone into the 500 Club for a few minutes, and a thorough search and inquiry in the club by the officers failed to locate Wiggins authorized the jury to find that such explanation was false. 55 Tex.Jur.2d 495, Sec. 227; 5 Branch 2d 98, Sec. 2651. Ground of error number two is overruled.

■    For reversal, the appellant contends in his third ground that the state did not establish a felony for the reason that there was no competent evidence to show the value of the automobile.

Jack D. Owen, the owner of the automobile, testified that the value of the car was "very definitely" in excess of fifty dollars and that the insurance company paid him $2,485 for the value of the car. This evidence was sufficient to authorize the jury to find that the automobile was of over the value of fifty dollars at the time it was stolen. There was no objection to the introduction of such testimony, or the sufficiency of its probative value. 55 Tex.Jur.2d 453, Sec. 192; 5 Branch 2d 121, Sec. 2675; Morris v. State, Tex.Cr. App., 368 S.W.2d 615. Ground of error number three is overruled.

■    The fourth ground of error is that the indictment is fundamentally defective because of the insufficient description of the alleged stolen property described as "one automobile." This contention was presented, considered and overruled in Snyder v. State, 118 Tex.Cr.R. 652, 39 S.W.2d 885 and Hicks v. State, 128 Tex. Cr.R. 595, 83 S.W.2d 349. See also: Beland v. State, 160 Tex.Cr.R. 351, 271 S.W.2d 430.

The judgment is affirmed.