**Eddie Clarence GAINES, Appellant,**

v.

**T.he STATE of Texas, Appellee.**

**No. 46797.**

Court of Criminal Appeals of Texas.

Nov. 21, 1973.

**316**

Bob Hillin, Dallas, for appellant.

Henry Wade, Dist. Atty., and W. T. Westmoreland, Jr., Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

The offense is felony theft; the punishment enhanced under Article 63, Vernon's Ann.P.C., life.

First, appellant attacks the sufficiency of the evidence, alleging that there is no evidence that he took the automobile in question or removed it from the injured party's parking lot.

James Pruitt testified that on May 27, 1971, he was the owner of the Ken Pruitt Buick Company in Garland; that he kept new cars stored in a lot surrounded by a seven foot fence with a gate locked by a chain and padlock; that on the morning of May 28, 1971, the chain had been cut and one green Buick Riviera, two-door hardtop, with a white vinyl top, motor vehicle identification No. 494871H926535, had been stolen during the night.

Patrolman Martin, of the Texas Department of Public Safety, testified that on May 31, 1971, he was patrolling with his partner, Officer Thompson, on Interstate 20 in Van Zandt County; that his radar indicated that a 1971 black Buick Riviera was speeding; that he and his partner then stopped the car; while they were walking up to the car, they saw the driver open the console to the car; that a pistol was observed inside the console; that appellant was then told to get out of the car; appellant told them his name was "Eddie Kelly;" a subsequent search of the car's glove compartment revealed a receipt from a Dallas automobile body shop made out in the name of "Eddie Kelly;" and that the receipt was for changing the color of a car to black.

Martin also testified that appellant was then taken to jail; that the license plates on the 1971 Buick appellant was driving were registered to a vehicle other than the one they were on; that the car appeared to have been recently painted black; and that a subsequent check of the vehicle identification number revealed that the car had been stolen on May 28th from the Ken Pruitt Buick Company.

Officer Thompson testified to substantially the same facts as Martin had testified to.

Appellant did not testify or offer any evidence in his behalf.

We conclude that the evidence is sufficient to support the jury's verdict. Unexplained possession of recently stolen property is sufficient to support a conviction for theft of such property. See Sirabella v. State, 492 S.W.2d 571 (Tex.Cr.App. 1973); Huff v. State, 492 S.W.2d 532 (Tex.Cr.App.1973); English v. State, 441 S.W.2d 195 (Tex.Cr.App.1969).

 Next appellant contends that the trial court erred in overruling his motion to quash the indictment. It is his contention that the indictment fails to identify "one automobile" as to a particular model, make, or body type, so as to apprise him of facts with sufficient clarity to enable him to make an intelligent preparation for his defense.

The rule is that an offense should be charged in plain and intelligible words with such certainty as to enable the accused to know what he will be called upon to defend against and to enable him to plead the judgment that may be given on it in bar of any further prosecution for the same offense. E. g. Voelkel v. State, 501 S.W.2d 313 (Tex.Cr.App.1973); Moore v. State, 473 S.W.2d 523 (Tex.Cr.App.1971).

While the indictment in the case at bar could have been more specific,[1] its allegation that appellant unlawfully and fraudulently took "one automobile of the value of over $50.00" was sufficient to apprise him of the nature of the charge against him. See Ward v. State, Tex.Cr.App., 446 S.W. 2d 304; Anders v. State, 177 Tex.Cr.R. 344, 350 S.W.2d 549; Hicks v. State, 128 Tex.Cr.R. 595, 83 S.W.2d 349.

Finally, appellant argues that the two prior convictions relied on for enhancement were void, attacking the sufficiency of the evidence upon his pleas of

guilty under Article 1.15 Vernon's Ann.C. C.P.

This court has previously held that a collateral attack may not be raised on the question of the sufficiency of the evidence where a voluntary plea of guilty was entered and defendant was represented by counsel, and we adhere to that position in the instant case. Ex parte Taylor, 480 S. W.2d 692; Ex parte Lyles, 168 Tex.Cr.R. 145, 323 S.W.2d 950.

Finding no reversible error, the judgment is affirmed.

---

1. See Stephens v. State, 433 S.W.2d 428 (Tex. Cr.App.1968) wherein an indictment charging felony theft describing the property as "one 1966 Chevrolet Impala" was approved by this court.