## S. E. McLeroy v. The State.

No. 18236.   Delivered April 29, 1936.
Rehearing Denied October 14, 1936.

The opinion states the case.

*Long & Strong* and *J. R. Duran,* all of Carthage, and *Sanders & McLeroy,* of Center, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is receiving and concealing stolen property; the punishment, confinement in the penitentiary for two years.

The proof on the part of the State was to the effect that on the 8th of November, 1934, someone stole a Ford V-8 automobile from P. W. Moreland, and that appellant, after coming into possession of said stolen car, drove it into a river bottom and burned it. Appellant testified that he purchased the car from a party who introduced himself as R. T. Lawson. He testified further that he did not know the car was stolen at the time he bought it, and that after hearing that it had been stolen, he burned it in order to prevent anyone from finding him in possession of stolen property. He said he learned definitely that the car had been stolen after he burned it.

The court instructed the jury to acquit appellant of concealing the car if they entertained a reasonable doubt as to whether he knew the same had been stolen at the time he burned it. As to receiving said property, the jury were instructed to acquit appellant if they entertained a reasonable doubt as to whether he knew the car was stolen at the time he received it. In submitting the case to the jury from the State's standpoint, the court required the jury to believe beyond a reasonable doubt that appellant fraudulently received or concealed the car before he could be convicted. If appellant knew the car had been stolen at the time he burned it, under his own testimony, his act in burning same constituted a fraudulent concealment. Under the circumstances, we would not feel warranted in holding that the trial court committed reversible error in failing to advise the jury that appellant could not be convicted if they entertained a reasonable doubt as to whether his concealment of said property was fraudulent. As already observed, the court required the jury in the charge to find beyond a reasonable doubt that said concealment was fraudulent. Under the facts reflected by the record, the omission could not, in our opinion, have operated to the prejudice of the appellant. Under the terms of Art. 666, C. C. P., we are not warranted in reversing a judgment because of an error in the charge unless such error was calculated to injure the rights of

the accused or unless it appears from the record that he has not had a fair and impartial trial.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant insists that his motion to quash the indictment should have been sustained, and that we erred in not so holding in our original opinion. The point against the indictment was,—that after alleging that the automobile in question was received by appellant from some person to the grand jurors unknown, the indictment should have gone further and set out that the grand jury could not by reasonable diligence and investigation have ascertained the name of such person. The exact point was decided against appellant's contention in Melton v. State, 56 S. W., 67, and the proposition there laid down is still the law in this State. We find nothing in Morgan v. State, 80 S. W. (2d) 975, cited by appellant, contrary to the above holding. The question there discussed was the failure of the State to make proof of the fact that reasonable diligence was used by the grand jury in an effort to ascertain the name of such party from whom the accused received the property.

Appellant also urges that it was error for the court below to fail to instruct the jury that the testimony of witness Wooten was as a matter of law that of an accomplice; or at least in not submitting the issue to the jury as to whether Wooten was such accomplice. We have examined Wooten's testimony, and find neither in same or that of any other witness anything to even suggest that Wooten had knowledge that the car in question was stolen, and in the absence of such testimony no such charge was demanded. The only thing reflecting on Wooten, if same does, is that on the day the alleged stolen car was burned by appellant, Wooten went with appellant in another car to and beyond the point of burning. Appellant as a witness testified concerning this trip fully, admitting all the facts sworn to by Wooten but nowhere ascribed to Wooten any part in or knowledge of appellant's plan in making the trip, insofar as the burning of the car was in contemplation. Nor does he ascribe to Wooten any part of the planning of the trip, or any

knowledge of the fact that he, appellant, was making it for the purpose of destroying the car. That Wooten had not disclosed what he had seen appellant do to and with the car, after its destruction, would not of itself make him an accomplice.

In addition to all that has been said in this connection both here and in our former opinion, we observe that, according to his own sworn admission when a witness herein, appellant burned the alleged stolen car which he had in possession,—after he admittedly found out that same was stolen. In the cases of Falcone v. State, 84 Texas Crim. Rep., 279; Kahanek v. State, 83 Texas Crim. Rep., 19, and Rutherford v. State, 85 Texas Crim. Rep., 7, this court said that if one receives stolen property without knowing it to be such, and thereafter becomes aware that it was so stolen, following which he conceals or destroys the property with the intent to aid the thief or deprive the owner of its value,—he is guilty of concealing stolen property. In the instant case appellant said that when he acquired the property he got it so cheap he knew there was something wrong with it; and unquestionably when he found out that the officers were looking for the car as a stolen automobile, thereafter he took it away in the nighttime many miles and burned the car, which would clearly bring him within the rules laid down in the cases above mentioned.

As a matter of fact, the owner of this car testified that it was stolen in Houston, Texas, on the night of October 31, 1934. If the facts relied on by appellant as raising an innocent connection on his part with the car be true, said car appeared the next morning in the possession of another, a stranger to appellant, in Panola County, Texas, located in the northeastern part of the State, a long distance from Houston, and that appellant that day gave said unknown party $100.00 in cash for the car, and agreed to pay an additional $350.00, which he says the unknown party told him was against the car and in the hands of owners of said debt whose names and location appellant did not remember. There are some circumstances in the case that make it more regrettable than the ordinary felony, but we find nothing in the record leading us to believe that the former opinion should be disturbed.

The motion for rehearing will be overruled.

*Overruled.*