H. B. THOMASON V. THE STATE.

No. 22969. Delivered November 29, 1944.

630

The opinion states the case.

*L. H. Welch*, of Breckenridge, for appellant.

*Ernest S. Goens*, State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

The indictment contains three counts, charging appellant with (a) stealing from K. C. Gray certain lumber of the value of $75.00; (b) receiving from an unknown person, and concealing, the stolen lumber; (c) receiving from J. J. Hadley, and concealing, the stolen lumber.

All counts were submitted to the jury, which returned a general verdict finding appellant "guilty, as charged in the indictment" and assessing his punishment at confinement in the penitentiary for two years and four months.

Upon such verdict, the trial court entered judgment adjudicating appellant "guilty of the offense of Receiving and Concealing stolen property over the value of Fifty ($50.00) Dollars as found by the jury." On which count of the indictment charging the offense of receiving and concealing stolen property the court found appellant guilty, the judgment made no finding.

Gray, the alleged owner, was a rig builder and, as such, had constructed an oil rig in Stephens County. On or about December 11, 1943, there was stolen from this rig certain lumber, consisting chiefly of 2x12", 2x10", and 3x12" boards, averaging something like twenty feet in length. At the time of the discovery of the theft, tracks of a motor vehicle were found around the rig. A plaster cast of these tracks was taken and preserved. Nine days after the theft, the lumber was found by the sheriff in the possession of the appellant upon premises under his control, situated some seven or eight miles from the rig. A part of the lumber was found in appellant's barn lot and the remainder was found at another and different place referred to as the "White" place. There was found in the yard of appellant's premises a Ford pick-up truck, the tires of which corresponded

in some particulars with those shown by the plaster cast. This truck, however, belonged to appellant's father. At the time the lumber was found, the sheriff made an inventory thereof, specifying the length, width, breadth, and number of boards. Gray identified the lumber so found as his and as that taken from the rig. Upon the lumber being found and identified, appellant was arrested and placed in jail. He was released therefrom upon bail the same day of his arrest. Two days thereafter, the officers returned to appellant's place, took possession of the lumber, and carried it to town. An inventory of the lumber was made. This inventory was materially different from that first made, in that each board was considerably shorter than when first found. In fact, none of the boards at that time measured twenty feet in length. The officers discovered that a portion had been freshly sawed off each board. The fresh-sawed end of the boards had dirt thereon, which the State contended was an effort to disguise the fact of sawing. Appellant owned a power-saw on his premises and from under this saw, saw dust was taken, which, upon being examined, showed to have been from lumber of the kind stolen.

During the investigation of the case by the grand jury, appellant voluntarily appeared before that body and asserted that he had, in good faith, purchased the lumber so found on his premises from J. J. Hadley. It was upon this testimony that the grand jury inserted the count in the indictment alleging that appellant received the property from Hadley. Except for this testimony on the part of appellant, the grand jury was unable to ascertain from whom appellant received the stolen lumber. This accounted for the insertion in the indictment of the allegation of receipt from an unknown person.

Appellant denied the theft and testified to an alibi. He asserted that he purchased the lumber from Hadley in good faith in the open market, for which he paid Hadley $36.00. He exhibited Hadley's signed receipt evidencing the purchase and price paid, which occurred about six days after the theft. As to these defenses, he was corroborated by disinterested witnesses. Appellant denied that he had sawed portions off any of the boards while in his possession and asserted that they were in the same condition when taken away by the officers as when he received them from Hadley.

All the testimony showed that the lumber when found and while in appellant's possession was open to view. It was not contended by the State that appellant made any actual conceal-

ment thereof by hiding or secreting it. To show that appellant concealed the lumber, the State relied upon the proof showing that a portion of each board had been sawed off, thereby shortening the length so as to change or destroy the identity thereof as the stolen property. The State takes the position that such facts show a concealment of the stolen property, under the rule that if one receives stolen property without knowing it to be such and thereafter becomes aware that it was stolen, following which he conceals or destroys the property with intent to aid the thief or to deprive the owner of the value thereof, he is guilty of concealing stolen property.

Pieratt v. State, 141 Tex. Cr. R. 45; 146 S. W. (2d) 997; McLeroy v. State, 131 Tex. Cr. R. 118; 97 S. W. (2d) 184; Hicks v. State, 128 Tex. Cr. R. 595; 83 S. W. (2d) 349; Falcone v. State, 84 Tex. Cr. R. 279; 206 S. W. (2d) 845; Rutherford v. State, 85 Tex. Cr. R. 7; 209 S. W. 745; Kahanek v. State, 83 Tex. Cr. R. 19, 201 S. W. 994; 36 Tex. Jur., p. 343, sec. 15.

In keeping with this theory of the State, the trial court gave the following instruction:

"In connection with the charge, you are instructed that 'concealing,' as used in this charge, is not to be given a literal construction of hiding, but may be by handling the property in a manner that would throw the owner of such property, or others making investigation of the theft of the same, off of their guard in their search and investigation of the same.

"You are, therefore, charged that if you believe and find from the testimony beyond a reasonable doubt that the defendant, H. B. Thomason, received the lumber in question and thereafter handled such lumber in a manner that would throw the owner of said lumber, or others making investigation of the theft of same, if it were stolen, off their guard in the search or investigation of the theft of the same, this would amount to concealing said lumber."

The effect of said charge was to tell the jury that appellant concealed the property, if while it was in his possession, he handled it in a manner that would throw the owner or officers off their guard in locating the property or investigating the theft.

It will be noted that such charge failed to incorporate certain of the constituent elements of the rule stated, in that no reference is therein made as to the intent on the part of the appellant in sawing the boards, whether same was done with

the intent on his part to destroy, change the identity, or to appropriate the lumber to his own use. Moreover, note is to be taken of the fact that the stolen lumber had been located in appellant's posession and identified and inventoried before the sawing thereof occurred. It could hardly be said, therefore, that the sawing of the boards interfered with, or prevented the officers, or threw them off their guard, in finding, locating, or discovering the stolen property.

The testimony as to the sawing of the boards was, however, a strong circumstance pointing to appellant's guilt, in that it tended to show guilty knowledge of, and connection with, the stolen property. If appellant, as contended by the State, sawed the boards or caused them to be sawed so as to lessen the lengths thereof after they had been discovered and identified as stolen property in his possession, such act on his part was an attempt to change or destroy damaging and incriminating testimony against him, for under such circumstances he would have been in position to assert that the lumber taken from his possession was not the stolen property and that the State's witnesses were mistaken in their identification of the property.

As strong a circumstance of guilt as such facts might show, a trial court is, nevertheless, not permitted in his charge to the jury to single out particular facts or specific parts of testimony, and charge thereon. Authorities attesting this rule will be found collated under Note 276 of Art. 658, Vernon's Code of Criminal Procedure. An example of the application of this rule is to be found in the circumstances of flight as imputing guilt. A charge which singles out the circumstance of flight is a charge on the weight of the evidence. Cleavenger v. State, 43 Tex. Cr. R. 273, 65 S. W. 89; Seeley v. State, 43 Tex. Cr. R. 66, 63 S. W. 309.

The conclusion is reached that, under the facts here presented, the charge mentioned was subject to appellant's exception thereto as being upon the weight of the testimony. In reaching this conclusion, we are aware of our holding in the Hicks case, supra, wherein a charge in almost the identical language as that here before us was held not to be charge on the weight of the evidence.

The Hicks case, however, differs materially from the instant case, in that there the acts of the accused in attempting to disguise and change the identity of the stolen property occurred before the stolen property had been discovered, and the charge was there approved only as to the particular facts of that case.

Other matters presented in the record before us will likely not arise upon another trial and, for that reason, are not discussed.

For the error pointed out, the judgment of the trial court is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Commission of Appeals and approved by the Court.