## THOMAS ABB BROWN V. THE STATE.

No. 23988. Delivered April 7, 1948.
Rehearing Denied May 26, 1948.

*Marvin H. Brown Jr.* and *Henry R. Bishop,* of Fort Worth, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

The appeal is from a conviction for receiving and concealing stolen property over the value of $50.00, with a penalty of two years in the penitentiary.

There are nineteen bills of exception in the record which include the objection to the failure of the court to grant the motion for continuance and also numerous exceptions to the court's charge, together with his failure to give several requested charges. We have carefully examined these and are of the opinion that no error was reflected by any of these bills.

A number of other bills raise objection to the introduction of evidence relating to the former conviction alleged in the indictment. The jury failed to find that he had been formerly convicted and all such objections need not be considered.

In oral argument great stress was placed on Bill of Exception No. 13 which asked for an instructed verdict of not guilty based on the contention that the evidence was insufficient to support the conviction. The contention was made, in the argument, that the prosecuting witness was the man who stole the car and that this evidence as to the connection of appellant with the car, in receiving and concealing it, was insufficient to show that he knew it was stolen property; and that it was not corroborated by other evidence. This seems to be the only bill requiring discussion. All others may be considered overruled.

Appellant lived in the town of Burleson, near Fort Worth, and was engaged as a carpenter working in the City of Fort Worth. Herbert Horn knew him there and was daily in touch with him for some time prior to the date of the alleged offense. Horn became the chief witness for the State and testified that he stole the car referred to as a 1940 Plymouth, on or about the 28th day of February, 1947, and drove it down to Burleson reaching the home of appellant sometime between 9:30 and 10 o'clock, after he had retired. He woke the appellant up and told him he wanted to place a car in his garage; that it belonged to a friend who had gone to Houston and wanted to leave it there. Appellant got up, helped him put the car in the garage, and then returned to bed. The witness returned to Forth Worth.

A Mr. Richardson, who occupied a part of the house, corroborated this evidence to some extent in that he was awakened by Horn, heard the conversation, and knew that the car was placed in appellant's garage. The next morning he saw the car in the garage, and he looked at it several times during the two or three months, as he remembered it, that the car was there. The witness Horn testified that sometime after the car was placed in the garage, he went to Burleson and he and appellant worked all day on the stolen car; that they removed the motor and Horn took it back to Fort Worth with him. The witness Richardson was at home during that day and he testified clearly as to all of these facts. He saw Horn there working with appellant, and was able to identify him from the witness box as the party who worked all day that Saturday with appellant and took away the motor.

Horn testified that on the night of April 8th he went back to appellant's house, in Burleson, arriving sometime after dark, and that he and appellant together with another party named Vick took the stolen car, without its engine, out of the garage and towed it south and then turned on a neighborhood road some five miles. They went into a field, strippel the car of all of its tires (and probably some other parts) after which they set it afire and left it. The witness Richardson testified that he was awakened and saw appellant with a man he believes to be Horn, and another not identified, as they pulled the stolen car out of the garage. They took a rope with which Richardson's dog was tied and used it in towing the car. They first pulled it out by attaching appellant's Mercury to the back of the stolen car. Then they untied it and Mr. Brown pulled around in front of the stolen car and they tied it on to the back of the Mercury. Richardson saw three cars there, just as the witness Horn testified, and he says they drove away to the south.

The witness Horn testified that he gave appellant two of the tires with the tubes. These were thereafter traced to appellant's possession. He gave them to his foreman, from whom they were recovered by the officers. When arrested, appellant told where he had disposed of them and it was such statement that led to the recovery, making his statement admissible in evidence even though he was under arrest.

The next day after the burning of the car, or soon thereafter, the witness Richardson saw the car again as it was brought in by his younger brother to the shop. He was able to identify it positively as the car which had been for some time in appellant's garage, and out of which the engine was taken on the Saturday detailed by the witness Horn. Horn further testified that, after he took the engine to Fort Worth, appellant helped him to install it in his older model Plymouth. This fact is not corroborated, but we do not believe it is necessary to do so as there is sufficient corroboration of all of the necessary evidence to show the commission of the offense of receiving and concealing stolen property. The officers found the engine from the stolen car in the car of the witness Horn, and recovered it. The identification was complete. The owner of the car was able to identify the engine and also the two tires which appellant had received and had given to his foreman.

There is no evidence to corroborate the statement of the witness Horn that he brought the stolen car to the home of appellant and delivered it to him. Neither is there any statement

of such witness, or any circumstances connected with the original delivery of the car to appellant, which might be construed to charge him with notice at that time that the car was stolen. In fact, the witness Horn gave evidence to the contrary. Had the story ended there an instructed verdict to acquit would have been in order. To summarize the evidence relied on for conviction: The car remained in appellant's garage, apparently undisturbed, for a month or more. On a Saturday Horn and appellant spent a day working on the car, from which Horn, with appellant's assistance, took the engine out of the stolen car and carried it to his home in Fort Worth. Thereafter, appellant helped him to install it in his car. This would be sufficient to place appellant on notice that Horn's original story, about storing the car for a friend who had gone to Houston, was probably not true. He still kept the car concealed in his garage and then proceeded to help take it out to a secluded place, off the highway into a field, where they stripped it of some of its parts and appellant himself took two of the tires.

One may receive stolen property without knowing it to be such, but if he thereafter becomes aware that it was stolen and continues to conceal or destroys the property, with the intent to aid the thief or deprive the owner of its value, he is guilty of concealing stolen property. See Rutherford v. State, 209 S. W. 745; Salcido v. State, 70 S. W. (2d) 706; and McLeroy v. State, 97 S. W. (2d) 184. The foregoing authorities sustain the action of the court in overruling the motion for an instructed verdict, and supports the instruction which the court gave. The evidence sustains the verdict of the jury which found the appellant guilty of the offense charged and assessed the punishment.

We observe that, while the offense charged is receiving and concealing stolen property, and the jury returned the verdict finding him guilty of that charge, the court, in the judgment entered, finds him guilty of the offense of theft. The judgment is reformed so as to conform to the charge and the verdict of the jury and pronounce him guilty of receiving and concealing stolen property.

It is further observed that the sentence recites that he has been found guilty of the offense of theft, with punishment assessed at two years in the penitentiary. The sentence will be reformed in accordance with the judgment. As reformed, the judgment of the trial court is affirmed.

ON MOTION FOR REHEARING.

GRAVES, Judge.

Appellant contends that there is not present herein testimony corroborative of the acknowledged thief relative to the stealing of the car, as well as appellant's connection therewith. We are not impressed with this contention. We find from other testimony than that of the accomplice, the appellant accepting possession of this car at nighttime; assisting the confessed thief in taking the engine out of the stolen car; in company with the thief transporting the car to a field and dismantling the same, taking its tires off and assisting in burning the car; and we find him thereafter in possession of two of the tires taken from the stolen car. All these circumstances seem to us to be corroborative of Horn, the confessed thief, and tend strongly to show guilty knowledge upon appellant's part of the stolen character of this automobile.

The motion will be overruled.