## ARCHIE D. BEATY V. STATE

No. 34,491. April 4, 1962
Motion for Rehearing Overruled May 23, 1962

*Pope & Heitler,* by *John E. Heitler,* Tyler, for appellant.

*Weldon Holcomb,* Criminal District Attorney, *Jack G. Norwood, Henry L. McGee, Jr.,* Assistants Criminal District Attorney, Tyler, and *Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge.

The conviction is for the offense of receiving and concealing stolen property; the punishment, 10 days in jail and a fine of $100.

The stolen property described in the information was two hub caps of the value of $7.50.

The State's proof shows that the appellant operated an automobile wrecking yard where he engaged in buying and selling wrecked automobiles and parts. The injured party, James Bedgood, owned an automobile which was equipped with Dodge Lancer chrome 4-spinner bar bullet hub caps. He had painted the checker dots brown over red to match the color of his car. The name of a former owner, "Stine", was inside some of the hub caps. In November, 1960, two of the hub caps were stolen from the automobile. The injured party then went to the appellant with the two hub caps which were left, showed them to him and asked that he be on a lookout for the missing hub caps. At such time appel-

lant stated he would be on the lookout for them. Later, on February 8 or 9, 1961, the injured party recovered the two hub caps at the police station and put them back on his automobile. That night, while he was in a theatre, all four hub caps were stolen from his automobile. The next day, February 9, the injured party's father went to appellant's place, described the stolen hub caps to appellant and asked that he watch out for them. Appellant stated at such time that he knew the hub caps. Several days later the father returned and asked appellant if he had seen the hub caps and appellant stated that he had not. On February 23, the father returned to appellant's place of business and found one of his son's missing hub caps hanging on the wall. The name "Stine" was inside the hub cap. When asked where he got the hub cap, appellant stated that "he traded a negro some fender skirts for it" and "This is the only one" that he had traded for. After the officers were called the father then found in a stack of hub caps on the floor another hub cap which had been stolen from his son's automobile. Appellant then stated that he had traded for the two hub caps. It was shown that the reasonable market value of the two hub caps was $15.

Testifying as a witness in his own behalf, appellant stated that he had traded for the two hub caps with a colored man whom he did not know. Appellant further stated that he did not know the hub caps were stolen and that had he known he would not have acquired possession of them.

In his brief and in oral argument appellant complains of the court's action in overruling certain objections which were made to the court's charge and in refusing a special requested charge.

The record reflects that the court did overrule appellant's objections to the charge and refused the requested charge but there is no showing that appellant reserved any exception to the court's ruling.

In the absence of a timely exception to the court's ruling, the court's action in overruling the objections to the charge 'and refusing the special requested charge is not properly before us for review. Eldredge v. State, 162 Texas Cr. Rep. 282, 284 S.W. 2d 734; Smith v. State, 166 Texas Cr. Rep. 294, 313 S.W. 2d 291 and Carpenter v. State, 345 S.W. 2d 412.

Appellant insists that the evidence is insufficient to sustain the conviction because it does not show that he knowingly re-

ceived *and* concealed the stolen property which the jury, under the court's charge, was required to find, before finding him guilty.

The State's evidence shows that before receiving the two hub caps appellant had been advised on three occasions that hub caps of similar description had been stolen from the injured party, which was sufficient to warrant the jury's conclusion that appellant received the same, knowing they were stolen.

The evidence further shows that the two hub caps had been mixed with other hub caps at appellant's place of business (one on the wall and the other in a heap on the floor) and was sufficient to warrant the jury's finding that appellant knowingly concealed the same. It is held that the word "conceal" is not to be given the liberal construction of hiding, but the handling of property in a manner that would throw the owner off his guard in his search for the same. See 5 Branch's Ann. P. C. 2nd, Sec. 2722, pages 163-164; Barker v. State, 109 Texas Cr. Rep. 67, 2 S.W. 2d 851.

The judgment is affirmed.

Opinion approved by the Court.