**Phillip TRAMMELL, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 47087.

Court of Criminal Appeals of Texas.

July 24, 1974.

Charles W. Fairweather, Amarillo, for appellant.

Tom Curtis, Dist. Atty. & Kerry Knorpp, Asst. Dist. Atty., Amarillo, Jim D. Vollers. State's Atty., Austin, for the State.

## OPINION

JACKSON, Commissioner.

Appellant was convicted for receiving and concealing stolen property, a felony; the jury assessed punishment at two (2) years.

In his first two grounds of error, appellant contends that the trial court erred in refusing to grant his motion for an instructed verdict for the reasons that:

1. There was no evidence that appellant had any criminal intent either to aid the thief or in some manner profit from the act of receiving or concealing stolen property.

2. There was no evidence that appellant received the stolen property from Tommy Trammell.

Both of appellant's contentions are without merit.

The record shows that on some uncertain date in January of 1972 Tommy Trammell, the brother of appellant, burglarized the apartment of Paula Cook. He took a coffee can containing a number of foreign and American coins, a clock-radio, and a portable television set. On January 17, 1972, sometime after the burglary, a police officer stopped appellant in his automobile and discovered the stolen radio on the rear seat. The T.V. set was recovered later when appellant told the officer that it was at the apartment of Bill Knutson and an investigation ensued.

Appellant was taken into custody and, after being warned of his constitutional rights, voluntarily made and signed a written statement quoted hereinafter in part:

"Monday I had been driving a 1958 Chevrolet that I had borrowed from Bill Knutson. Bill and I were together when we cleaned out the '58 Chevrolet and put everything into a 1955 Chevrolet that I was going to buy from Bill. In the trunk of the '58 Chevrolet I found a portable TV Gray in color and a radio. Tommy had used the car on Sunday night and when he came in about 3:00 AM he said he had picked up some stuff and said something about a TV. When I found the stuff in the trunk of the '58 Chevrolet Bill said that Tommy had promised the TV to him. I told Bill that Tommy owed me some money and to pay the $25.00 we had agreed on to me instead of Tommy. I took Bill home to the Bluebell apartments and gave the TV to him and he said he would pay me Friday or Saturday. Bill and I both knew the TV was stolen."

At the trial, appellant took the stand in his own behalf and admitted selling the television set to Knutson. He stated that prior to the burglary he had agreed to purchase a 1955 Chevrolet from Knutson. Knutson had not had possession of the car at the time but had loaned him a 1958 Chevrolet to use until the '55 model was available. It was the loaned automobile that Tommy Trammell used and left the stolen property in. Appellant discovered the stolen items when he was cleaning out the automobile before returning it to Knutson in exchange for the car he was to purchase. He sold the television to Knutson and transferred the radio to his new car, where it remained until his arrest.

■ Appellant was indicted for fraudulently receiving stolen property from Tommy Trammell and fraudulently concealing the same. It is not necessary for a conviction under Article 1430, Vernon's Ann.P.C., that the defendant both receive

and conceal. Cuilla v. State, 80 Tex.Crim. 41, 187 S.W. 210; McBride v. State, Tex. Cr.App., 490 S.W.2d 560. He is guilty of the offense if, after learning that the property had been stolen, he conceals it, though his receipt may have been innocent. McBride v. State, Tex.Cr.App., 490 S.W.2d 560; Brown v. State, 152 Tex.Cr.R. 39, 211 S.W.2d 234; Rutherford v. State, 85 Tex.Crim. 7, 209 S.W. 745. The word "conceal" as used in Article 1430, V.A.P.C. is not to be given the literal meaning of hiding, but means the handling of property in such a manner that would throw the owner off his guard in his search and investigation for the same. Beaty v. State, 172 Tex.Cr.R. 343, 356 S.W.2d 802; Cuilla v. State, 80 Tex.Crim. 41, 187 S.W. 210; Polk v. State, 60 Tex.Crim. 150, 131 S.W. 580. Any act which tends to prevent recovery by the owner is concealment. Here, appellant found himself possessed of stolen goods. He sold one item to a third person and placed the other in his car with no intent of returning it to the owner. Such acts constitute concealment.

■ Appellant argues that there was no evidence of criminal intent, but the criminal or fraudulent intent necessary for a conviction of receiving or concealing stolen goods only requires:

1. Guilty knowledge on the part of the defendant that the goods were stolen at the time he concealed or received them.

2. An intention to deprive the true owner of the property or its value. See, Rutherford v. State, 85 Tex. Crim. 7, 209 S.W. 745; McLeroy v. State, 131 Tex.Cr.R. 118, 97 S.W.2d 184; Thomason v. State, 147 Tex. Cr.R. 629, 183 S.W.2d 973.

■ The evidence is sufficient for a finding that appellant had both guilty knowledge and fraudulent intent at the time he concealed the property. Appellant's first and second grounds of error are overruled.

By his third ground of error, appellant complains that the evidence is insufficient to support a finding that the property received and concealed was of the value of $50.00, as alleged in the indictment.

 There was no testimony as to the value of the radio. Paula Cook, the owner of the property, testified that she had bought the television at Repo Depot for $89.95. On cross-examination, appellant's counsel asked her what value she would place on the set. She answered, "Well, you couldn't buy it anywhere for fifty." He then asked her what she would sell it for if she wanted to sell it. She answered, "$50.00." No objections were made. Though she never stated that the cash market value of the television set was $50.00 in clear and precise language, her testimony was obviously meant to convey that idea and must have been so understood by the jury and appellant. We find the evidence of value sufficient and overrule appellant's third ground of error. Larkin v. State, 157 Tex.Cr.R. 284, 248 S.W.2d 134.

The judgment is affirmed.

Opinion approved by the Court.