TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-96-00539-CR







Ramiro R. Rivera, Appellant



v.



The State of Texas, Appellee







FROM THE COUNTY COURT AT LAW NO. 7 OF TRAVIS COUNTY


NO. 454382, HONORABLE BRENDA KENNEDY, JUDGE PRESIDING








 This appeal is taken from a conviction for a Class B misdemeanor theft of property. (1) 
Appellant, Ramiro R. Rivera, waived trial by jury and entered a plea of not guilty before the trial court. 
After the bench trial, appellant's punishment was assessed at 120 days in county jail and a fine of $1,000. 
The imposition of the sentence was suspended and appellant was placed on community supervision subject
to certain conditions.

 Appellant advances one point of error: "The evidence is legally and factually insufficient
to sustain the trial court's verdict." (2) Legal and factual sufficiency questions are decided by different
standards of review. Clewis v. State, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996). Moreover, in
evaluating a factual sufficiency question, the appellate court begins with the presumption that the evidence
is legally sufficient under the standard of Jackson v. Virginia, 443 U.S. 307, 319 (1979) to support the
conviction. Clewis, 922 S.W.2d at 134. It is better practice to urge these contentions in separate points
of error. We shall separately consider the contentions.


Facts


 Catherine (Cathy) Guerra, the complainant, testified that at about 10:00 p.m. on August
27, 1995, appellant came to her apartment to pick her up for a date. They left in her car, stopped at an
automated teller machine for the complainant to obtain cash, and then drove to a nightclub. They found
the nightclub closed and decided to obtain some beer and return to the complainant's apartment. While
at a convenience store to purchase beer, appellant received a message on his digital pager. After they
returned to the apartment, appellant made a telephone call, (3) told complainant that a "compressor had
blown," and that he had to report to his place of employment. After a few minutes, appellant left the
apartment. Guerra decided to go to a store. When she got outside, she saw that her car door was open
and that appellant was leaning over into the passenger side. Appellant had previously locked her car when
they returned to her apartment, but she did leave the passenger side window down two to three inches. 
Appellant had not left any personal effects in the car and did not have her permission to be in the car. 
Guerra "panicked" and ran upstairs to her apartment. She paged appellant on his pager to see if he would
call her back. By the time she changed clothes and went downstairs, appellant was gone. She discovered
that fifteen music cassette tapes were missing from her car. She had been playing the cassette tapes while
she was in the car with appellant. Guerra stated that she had paid between $8.99 and $10.99 each for the
fifteen cassette tapes. She had not given appellant permission to take the cassette tapes.

 Guerra related that she tried to reach appellant by telephone at his place of employment
that night. Being unsuccessful, she left messages concerning the missing cassette tapes. Later, she called
the police and reported the theft. The next morning about 6:30 a.m., appellant called Guerra and asked
her to drop charges as he was on probation and would go to prison. Appellant returned the cassette tapes
to the radio station where Guerra worked.

 Testifying in his own behalf, appellant agreed that while on a date with Guerra they found
the nightclub closed, purchased beer, and returned to her apartment. There, they got into an argument. 
Appellant said that he told Guerra she was "sick," though that was not the exact term used. He had made
a telephone call earlier to have an excuse to leave because he had decided Guerra was "not all there." 
Appellant left on his own and admitted that he went to Guerra's car to retrieve his personal belongings,
including a hat, jacket, windbreaker, watch, and a duffel bag. He found the car door unlocked and reached
for his belongings because the dome light did not come on. He spent the night at a friend's house. When
he called his place of employment the next morning and learned that the police were looking for him for the
theft of the cassette tapes, appellant called Guerra and asked her to drop charges because he was on
probation. He stated that he had found the cassette tapes in his duffel bag, did not know they were in the
bag, and had not intended to take them. Appellant admitted that he was not in contact with the police for
three weeks thereafter because he moved to Houston.


Legal Sufficiency


 The standard for reviewing the legal sufficiency of the evidence is whether, viewing the
evidence in the light most favorable to the prosecution, any rational trier of fact could have found beyond
a reasonable doubt the essential elements of the offense charged. See Jackson v. Virginia, 443 U.S. 307,
319 (1979); Villalon v. State, 791 S.W.2d 130, 132 (Tex. Crim. App. 1990). In a bench trial, the trial
court is the trier of fact, the judge of the credibility of the witnesses and the weight to be given to their
testimony. The trial court is free to accept or reject any or all the evidence offered by either party. Joseph
v. State, 891 S.W.2d 374, 376 (Tex. Crim. App. 1995). The reconciliation of the evidentiary conflicts
is solely within the province of the trier of fact. Wright v. State, 603 S.W.2d 838, 840 (Tex. Crim. App.
1979). The judgment may not be overturned unless it is irrational or unsupported by proof beyond a
reasonable doubt. Matson v. State, 819 S.W.2d 839, 846 (Tex. Crim. App. 1991). The legal sufficiency
of the evidence is a question of law. See Foster v. State, 874 S.W.2d 286, 287 (Tex. App.--Fort Worth
1994, pet. ref'd).

 The elements of the offense charged were (1) a person (2) did intentionally and knowingly
(3) acquire or otherwise exercise control over property (4) of the value of $50 or more but less than $500
(5) without the effective consent of the owner, and (6) with the intent to deprive the owner of said property.


Intent


 Appellant contends that the evidence is insufficient as to "intent." He describes the situation
as a "classic version of 'he said/she said,'" and bemoans the fact that the trial court "took the emotional
path." "Deprive" means to withhold property from the owner permanently or for so extended a period that
a major portion of the value or enjoyment of the property is lost to the owner. Tex. Penal Code Ann.
§ 31.01(2)(A) (West 1994). Moreover, it is the intent at the time of the taking that controls. Griffin v.
State, 614 S.W.2d 155, 159 (Tex. Crim. App. 1981). Proof of a culpable mental state generally relies
upon circumstantial evidence. Dillon v. State, 574 S.W.2d 92, 94 (Tex. Crim. App. 1978); Rodriguez
v. State, 793 S.W.2d 744, 748 (Tex. App.--San Antonio 1990, no pet.). Since mental culpability is of
such a nature, it generally must be inferred from circumstances under which the prohibited act occurred. 
The trier of fact may infer intent from any facts in evidence which tend to prove the existence of such intent. 
Hernandez v. State, 819 S.W.2d 806, 810 (Tex. Crim. App. 1991), cert. denied, 112 S. Ct. 2944
(1992); Skillern v. State, 890 S.W.2d 849, 880 (Tex. App.--Austin 1994, pet. ref'd). Intent can be
inferred from acts, words, and conduct of the accused. Dues v. State, 634 S.W.2d.304, 305 (Tex. Crim.
App. 1985); Ybarra v. State, 890 S.W.2d 98, 109 (Tex. App.--San Antonio 1994, pet. ref'd).

 Guerra showed the cassette tapes to appellant while they were driving in her car on the
night in question. After returning to Guerra's apartment, appellant made an excuse that he had to report
to work. Shortly thereafter, Guerra saw appellant leaning into the passenger side of the car where the tapes
were stored with the car door open. The car had been locked and appellant did not have her permission
to be in the car. Guerra stated appellant had no personal belongings in the car. After he left, Guerra
discovered the tapes missing. The theft was reported to the police. Appellant called the next morning,
apologized for taking the tapes, asked Guerra to drop charges, and returned the tapes to her work place. 
Appellant moved to Houston.

 Appellant explained the fifteen tapes were in his "small duffel bag" and were taken by
mistake when he removed his personal belongings from Guerra's car. In his brief, appellant relies upon
several perceived inconsistencies in Guerra's testimony, but such testimony has no bearing on appellant's
intent. A conflict in the evidence was created for the trial court as trier of fact to resolve.


Value


 Appellant also urges that the evidence was insufficient as to the value of the tapes allegedly
taken. Value is defined as the fair market value of the property at the time and place of the offense. Tex.
Penal Code Ann. § 31.08(a)(1) (West 1994). Market value is the amount of money that the property in
question would sell for in cash, given a reasonable amount of time for selling it. Keeton v. State, 803
S.W.2d 304, 305 (Tex. Crim. App. 1991).

 Guerra testified that the fifteen cassette tapes were purchased for $8.99 to $10.99 each. 
Appellant acknowledges that, at first glance, this would mean that the tapes had a value of between
$126.85 and $164.85. This, he contends ignores the actual test which is market value. Appellant argues
the complainant did not offer evidence as to when she purchased the various tapes nor was there any
testimony regarding the condition of the tapes. The State counters that the evidence shows that the tapes
were in Guerra's car for use, that at least one was played on the night in question, that Guerra testified the
tapes were returned undamaged indicating their condition at the time of the taking. The State urges that
evidence is sufficient if the value of the tapes is shown to be $50 or more. (4)

 Clearly, the prosecution could have better developed the evidence as to value, but the case
law is contrary to appellant's contention. The owner of property is competent to testify about the value
of his own property in general and commonly understood terms. Sullivan v. State, 701 S.W.2d 905,
908-09 (Tex. Crim. App. 1984); Jackson v. State, 903 S.W.2d 496, 498 (Tex. App.--Fort Worth
1995, no pet.).


Testimony of this nature is an offer of the witness' best knowledge of the value of his
property. Such testimony will constitute sufficient evidence for the trier of fact to make a
determination of value as to the value based on the witness' credibility. This is true even
in the absence of a specific statement as to "market value" or "replacement value" . . .
certainly the owner may reasonably be understood to be testifying as to the fair market
value of the property either in terms of purchase price or the cost to him of replacing the
stolen property.



Sullivan, 701 S.W.2d at 909; see Trammel v. State, 511 S.W.2d 951, 954 (Tex. Crim. App. 1974).

 We conclude that any rational trier of fact could have found beyond a reasonable doubt
all the essential elements of the offense charged. We reject the contention that the evidence is legally
insufficient to support the conviction.


Factual Sufficiency


 Turning to the second contention regarding factual insufficiency, we note that the "proper
standard of review for the factual sufficiency of the elements of the offense" is that the court consider and
weigh all of the evidence "without the prism of 'in the light most favorable to the prosecution'" as required
by Jackson in cases of legal insufficiency. Clewis, 922 S.W.2d at 129; see also Stone v. State, 823
S.W.2d 375, 381 (Tex. App.--Austin 1992, pet. ref'd untimely filed). Thus, the appellate court considers
all of the evidence in the record related to appellant's sufficiency challenge, not just the evidence that
supports the verdict or court's judgment. The court should, however, set aside the conviction only if it is
so contrary to the overwhelming weight of the evidence to be clearly wrong and unjust. Clewis, 922
S.W.2d at 129. When dealing with a factual sufficiency claim, an appellate court reviews the fact finder's
weighing of the evidence, but it cannot substitute its judgment for that of the fact finder. Id. at 133; Davila
v. State, 930 S.W.2d 641, 647 (Tex. App.--El Paso 1996, pet. ref'd). Appellant simply reurges that the
State failed to meet its burden as to intent and value. We conclude that the conviction is not so contrary
to the overwhelming weight of the evidence as to be clearly wrong and unjust. The second contention is
overruled.

 The judgment is affirmed.



 

 John F. Onion, Jr., Justice

Before Chief Justice Carroll, Justices Jones and Onion*

Affirmed

Filed: August 14, 1997

Do Not Publish












* Before John F. Onion, Jr., Presiding Judge (retired), Court of Criminal Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1988).
1. Appellant was charged by complaint and information on March 6, 1996, with theft of property
of the value of $50 or more but less than $500.00. (Tex. Penal Code Ann. § 31.03(e)(A)(i) (West Supp.
1997) (effective September 1, 1995). The instant offense occurred on August 27, 1995, and appellant
should have been charged with theft of property of $20 or more but less than $500 under Act of May 29,
1993, 73d Leg., R.S., ch. 900, § 31.03(e)(2)(B) ( since amended). Both offenses are Class B
misdemeanors and there was no change in penalty. See Tex. Penal Code Ann. § 12.22 (West 1994). 
Before trial, appellant did not object to any defect, error, or irregularity in the information and waived any
error. See Tex. Code Crim. Proc. Ann. art. 1.14(b) (West Supp. 1997).
2. "A 'verdict' is a written declaration by a jury of its decision of the issue submitted to it in the
case." Tex. Code Crim. Proc. Ann. art. 37.01 (West 1981). In Texas criminal cases, there are no verdicts
by trial courts. Obviously, appellant meant "trial court's judgment or decision" or better still, "to sustain
the conviction."
3. It is not clear from the record whether appellant made one or two telephone calls, one at the
convenience store and another at the complainant's apartment.
4. See footnote 1.



WP="BR1">

Sullivan, 701 S.W.2d at 909; see Trammel v. State, 511 S.W.2d 951, 954 (Tex. Crim. App. 1974).

 We conclude that any rational trier of fact could have found beyond a reasonable doubt
all the essential elements of the offense charged. We reject the contention that the evidence is legally
insufficient to support the conviction.


Factual Sufficiency


 Turning to the second contention regarding factual insufficiency, we note that the "proper
standard of review for the factual sufficiency of the elements of the offense" is that the court consider and
weigh all of the evidence "without the prism of 'in the light most favorable to the prosecution'" as required
by Jackson in cases of legal insufficiency. Clewis, 922 S.W.2d at 129; see also Stone v. State