

# IN THE
# TENTH COURT OF APPEALS

### No. 10-18-00205-CR

**LARRY GLEN ERWIN,**

> **Appellant**

 **v.**

**THE STATE OF TEXAS,**

> **Appellee**

**From the County Court at Law No. 2**
**McLennan County, Texas**
**Trial Court No. 2017-1236-CR2**

## MEMORANDUM OPINION

Larry Glen Erwin was convicted of Theft, a Class A misdemeanor, and sentenced to 180 days in jail with a $4,000 fine. *See* TEX. PENAL CODE ANN. § 31.03(a), (e)(3). Because the evidence is sufficient to support the conviction, we affirm the trial court's judgment.

Nicole Reisner loaned cattle panels and t-posts to her friends, Tommy and Deanna White. The Whites lived on property owned by Erwin and stored the cattle panels and t-posts on Erwin's property. When the Whites became delinquent in their rent to Erwin, Erwin took the cattle panels and t-posts to satisfy some past-due rent. When Reisner

asked for the return of her property, Erwin refused.  Reisner initiated a theft complaint.

In his sole issue, Erwin complains the evidence is insufficient to support his conviction because the State did not prove fair market value of the cattle panels and t-posts.

The Court of Criminal Appeals has expressed our standard of review of a sufficiency issue as follows:

> When addressing a challenge to the sufficiency of the evidence, we consider whether, after viewing all of the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); *Villa v. State*, 514 S.W.3d 227, 232 (Tex. Crim. App. 2017).  This standard requires the appellate court to defer "to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts."  *Jackson*, 443 U.S. at 319.  We may not re-weigh the evidence or substitute our judgment for that of the factfinder.  *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007).  The court conducting a sufficiency review must not engage in a "divide and conquer" strategy but must consider the cumulative force of all the evidence.  *Villa*, 514 S.W.3d at 232.  Although juries may not speculate about the meaning of facts or evidence, juries are permitted to draw any reasonable inferences from the facts so long as each inference is supported by the evidence presented at trial.  *Cary v. State*, 507 S.W.3d 750, 757 (Tex. Crim. App. 2016) (*citing Jackson*, 443 U.S. at 319); *see also Hooper v. State*, 214 S.W.3d 9, 16-17 (Tex. Crim. App. 2007).  We presume that the factfinder resolved any conflicting inferences from the evidence in favor of the verdict, and we defer to that resolution.  *Merritt v. State*, 368 S.W.3d 516, 525 (Tex. Crim. App. 2012).  This is because the jurors are the exclusive judges of the facts, the credibility of the witnesses, and the weight to be given to the testimony.  *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010).  Direct evidence and circumstantial evidence are equally probative, and circumstantial evidence alone may be sufficient to uphold a conviction so long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction.  *Ramsey v. State*, 473 S.W.3d 805, 809

(Tex. Crim. App. 2015); *Hooper*, 214 S.W.3d at 13.

> We measure whether the evidence presented at trial was sufficient to support a conviction by comparing it to "the elements of the offense as defined by the hypothetically correct jury charge for the case." *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). The hypothetically correct jury charge is one that "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Id.*; *see also Daugherty v. State*, 387 S.W.3d 654, 665 (Tex. Crim. App. 2013). The "law as authorized by the indictment" includes the statutory elements of the offense and those elements as modified by the indictment. *Daugherty*, 387 S.W.3d at 665.

*Zuniga v. State*, 551 S.W.3d 729, 732-33 (Tex. Crim. App. 2018).

A person commits the Class A misdemeanor offense of theft if the person unlawfully appropriates property with intent to deprive the owner of property and the value of the property stolen is $750 or more but less than $2,500. TEX. PENAL CODE ANN. § 31.03(a), (e)(3). When the proof of value is given by a *non-owner*, the non-owner must be qualified as to his knowledge of the value of the property and must give testimony explicitly as to the fair market value or replacement value of the property. *Sullivan v. State*, 701 S.W.2d 905, 909 (Tex. Crim. App. 1986). Fair market value means the amount the property would sell for in cash, given a reasonable time for selling it. *Keeton v. State*, 803 S.W.2d 304, 305 (Tex. Crim. App. 1991).

However, when the *owner* of the property testifies as to the value of the property, the owner may testify as to his opinion or estimate of the value of the property in general and in commonly understood terms. *Sullivan*, 701 S.W.2d at 909. Testimony of this nature

is an offer of the witness' best knowledge of the value of the property. *Id.* Such testimony will constitute sufficient evidence for the trier of fact to decide value based on the witness' credibility. *Id.* This is true even in the absence of a specific statement as to "market value" or "replacement value." *Id.* Further, when an owner testifies, there is a presumption that the owner is testifying to an estimation of the fair market value. *Id.*; *Trammell v. State*, 511 S.W.2d 951, 954 (Tex. Crim. App. 1974). The owner may reasonably be understood to be testifying as to the fair market value of the property either in terms of the purchase price or the cost to him of replacing the stolen property. *Sullivan,* 701 S.W.2d at 909.

Reisner testified that to determine the value of the t-posts and the cattle panels taken from her, she looked at prices on-line for new t-posts and cattle panels. She estimated that the panels cost $100 to $125 each. When asked what she paid for the t-posts, she estimated that "back then" they ran $3 to $6 each, depending on the height.

Erwin contends Reisner's testimony was not credible because she had no documentation as to what she had paid for the t-posts and cattle panels and because she based her testimony on the cost of new t-posts and cattle panels. However, as the owner, Reisner was not required to provide documentation and was permitted to testify as to replacement cost.

Reisner testified that she loaned 19 cattle panels and at least 30 t-posts to White. Based on her testimony, the jury could reasonably determine that the value of the panels was at least $1,900 and the value of the t-posts was at least $90. Combined, the value of the property appropriated was $1990, which is well within the jurisdictional amount necessary to support the conviction. *See* TEX. PENAL CODE ANN. 31.03(e)(3).

Accordingly, after viewing all of the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential element of value beyond a reasonable doubt, and thus, the evidence was sufficient to support Erwin's conviction.

Erwin's sole issue is overruled, and the trial court's judgment is affirmed.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Neill
Affirmed
Opinion delivered and filed October 30, 2019
Do not publish
[CR25]

