

# IN THE
# TENTH COURT OF APPEALS

### No. 10-18-00321-CR

**TARRENCE TERRELL LANDRUM,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

### From the 19th District Court
### McLennan County, Texas
### Trial Court No. 2017-2256-C1

## OPINION

Tarrence Terrell Landrum was convicted of theft of property valued at $2,500 or more but less than $30,000, a state jail felony. *See* TEX. PENAL CODE ANN. § 31.03(a), (e)(4)(A). He was sentenced to 18 months in a state jail facility. Because the evidence of value was sufficient to support the conviction and Landrum was not egregiously harmed by charge error, the trial court's judgment is affirmed.

**BACKGROUND**

While Khoi Nguyen and his family were in the process of relocating out-of-state, their house was burglarized and much of their belongings were stolen. Landrum was identified as a suspect because he was selling some of the property on social media. A search warrant of Landrum's residence was issued and several pieces of property belonging to the Nguyen's were recovered from Landrum's residence. At trial, Landrum claimed to have not known the property was stolen.

**SUFFICIENCY OF THE EVIDENCE**

In his first issue, Landrum complains the evidence is insufficient to support his conviction because the State did not prove value of the property alleged to have been stolen.

The Court of Criminal Appeals has expressed our standard of review of a sufficiency issue as follows:

> When addressing a challenge to the sufficiency of the evidence, we consider whether, after viewing all of the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); *Villa v. State*, 514 S.W.3d 227, 232 (Tex. Crim. App. 2017). This standard requires the appellate court to defer "to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319. We may not re-weigh the evidence or substitute our judgment for that of the factfinder. *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). The court conducting a sufficiency review must not engage in a "divide and conquer" strategy but must consider the cumulative force of all the evidence. *Villa*, 514 S.W.3d at 232. Although juries may not speculate

about the meaning of facts or evidence, juries are permitted to draw any reasonable inferences from the facts so long as each inference is supported by the evidence presented at trial. *Cary v. State*, 507 S.W.3d 750, 757 (Tex. Crim. App. 2016) (*citing Jackson*, 443 U.S. at 319); *see also Hooper v. State*, 214 S.W.3d 9, 16-17 (Tex. Crim. App. 2007). We presume that the factfinder resolved any conflicting inferences from the evidence in favor of the verdict, and we defer to that resolution. *Merritt v. State*, 368 S.W.3d 516, 525 (Tex. Crim. App. 2012). This is because the jurors are the exclusive judges of the facts, the credibility of the witnesses, and the weight to be given to the testimony. *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010). Direct evidence and circumstantial evidence are equally probative, and circumstantial evidence alone may be sufficient to uphold a conviction so long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction. *Ramsey v. State*, 473 S.W.3d 805, 809 (Tex. Crim. App. 2015); *Hooper*, 214 S.W.3d at 13.

We measure whether the evidence presented at trial was sufficient to support a conviction by comparing it to "the elements of the offense as defined by the hypothetically correct jury charge for the case." *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). The hypothetically correct jury charge is one that "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Id.*; *see also Daugherty v. State*, 387 S.W.3d 654, 665 (Tex. Crim. App. 2013). The "law as authorized by the indictment" includes the statutory elements of the offense and those elements as modified by the indictment. *Daugherty*, 387 S.W.3d at 665.

*Zuniga v. State*, 551 S.W.3d 729, 732-33 (Tex. Crim. App. 2018).

A person commits the state jail felony offense of theft if the person unlawfully appropriates property with intent to deprive the owner of property and the value of the property stolen is $2,500 or more but less than $30,000. Tex. Penal Code Ann. § 31.03(a), (e)(4)(A). When the proof of value is given by a non-owner, the non-owner must be qualified as to his knowledge of the value of the property and must give testimony

explicitly as to the fair market value or replacement value of the property. *Sullivan v. State*, 701 S.W.2d 905, 909 (Tex. Crim. App. 1986). Fair market value means the amount the property would sell for in cash, given a reasonable time for selling it. *Keeton v. State*, 803 S.W.2d 304, 305 (Tex. Crim. App. 1991).

However, when the owner of the property testifies as to the value of the property, the owner may testify as to his opinion or estimate of the value of the property in general and in commonly understood terms. *Sullivan*, 701 S.W.2d at 909. Testimony of this nature is an offer of the witness' best knowledge of the value of the property. *Id*. Such testimony will constitute sufficient evidence for the trier of fact to decide value based on the witness' credibility. *Id*. This is true even in the absence of a specific statement as to "market value" or "replacement value." *Id*. Further, when an owner testifies, there is a presumption that the owner is testifying to an estimation of the fair market value. *Id*.; *Trammell v. State*, 511 S.W.2d 951, 954 (Tex. Crim. App. 1974). The owner may reasonably be understood to be testifying as to the fair market value of the property either in terms of the purchase price or the cost to him of replacing the stolen property. *Sullivan,* 701 S.W.2d at 909.

Landrum complains that the owner of the property, Nguyen, did not testify as to its value because he was asked about the purchase price of the individual items. In other words, Landrum faults the State for not specifically using the word "value" in its questions to Nguyen.

*Sullivan* provides that the owner may testify in terms of the purchase price or the

cost to him of replacing the stolen property. *Sullivan*, 701 S.W.2d at 909. There is no requirement in *Sullivan* that the State must ask questions of the owner of stolen property in specific terms of "value." Landrum has not provided any case law to show that, in a criminal case, the State must do so.

Nevertheless, even if the State was required to ask its questions in specific terms of "value," Nguyen was specifically asked about whether he knew the value of his wife's purses stolen from his residence. Nguyen replied that he did. When asked then if his wife paid $2,500 for them, Nguyen replied that she paid $5,000 for them. From this exchange, it was reasonable for the jury to believe that Nguyen testified as to the value of the purses—well within the jurisdictional amount necessary to support the conviction. *See* TEX. PENAL CODE ANN. 31.03(a), (e)(4)(A).[1]

Accordingly, after viewing all of the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential element of value beyond a reasonable doubt, and thus, the evidence was sufficient to support Landrum's conviction.[2]

---

[1] The State is not required to prove each individual theft that makes up an aggregate theft allegation as long as it demonstrates that enough of the property from the indictment was stolen to satisfy the aggregate value allegation. *See Lehman v. State*, 792 S.W.2d 82, 84-85 (Tex. Crim. App. 1990); *Johnson v. State*, 187 S.W.3d 591, 604 (Tex. App.—Houston [14th Dist.] 2006, pet. ref'd); *State v. Weaver*, 945 S.W.2d 334, 335 (Tex. App.—Houston [1st Dist.] 1997), *aff'd*, 982 S.W.2d 892 (Tex. Crim. App. 1998).

[2] Although we recognize that it is not required, we believe it would be better practice, no matter whether an owner or non-owner testifies, for the State to use terms of art for fair market value and have the witness testify clearly about how the fair market value to which the witness testified was determined or whether it was some alternative such as replacement cost when fair market value cannot be ascertained.

Landrum's first issue is overruled.

**JURY CHARGE ERROR**

In his second issue, Landrum contends the trial court egregiously erred in failing to give the jury a definition of value as provided by the Texas Penal Code.

When an appellant complains of jury charge error, we first determine whether the charge contained error. *Price v. State*, 457 S.W.3d 437, 440 (Tex. Crim. App. 2015); *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g). If error exists, we then analyze the harm resulting from the error. *Id*. If the error was preserved by objection, any error that is not harmless will constitute reversible error. *Id*. If the error was not preserved by objection, as the case here, the error will not result in reversal of the conviction without a showing of egregious harm. *Id*. Egregious harm is harm that deprives a defendant of a "fair and impartial trial." *Id*.

Landrum complains that the trial court did not include specific definitions of "value" in the charge to the jury on guilt/innocence. Landrum is correct that the trial court is obligated to include in the jury charge statutory definitions that affect the meaning of elements of the crime. *Villarreal v. State*, 286 S.W.3d 321, 329 (Tex. Crim. App. 2009). However, the charge must also be tailored to the facts presented at trial. *Burnett v. State*, 541 S.W.3d 77, 84 (Tex. Crim. App. 2017). That is, the trial court must submit to the jury only the portions of the statutory definition that are supported by the evidence. *See id*. To do otherwise is error. *See id*.

Landrum contends that the following portions of the statutory definition of value should have been included in the charge:

(a) Subject to the additional criteria of Subsections (b) and (c), value under this chapter is: (1) the fair market value of the property or service at the time and place of the offense; or (2) if the fair market value of the property cannot be ascertained, the cost of replacing the property within a reasonable time after the theft.

***

(c) If property or service has value that cannot be reasonably ascertained by the criteria set forth in Subsections (a) and (b), the property or service is deemed to have a value of $750 or more but less than $2,500.

TEX. PENAL CODE ANN. § 31.08. There is no evidence in the record that fair market value of the property could not be reasonably ascertained. As stated previously, Nguyen testified to the value of the property taken. And as an owner of the property, there is a presumption that he is testifying to an estimation of the fair market value.[3] *Sullivan v. State*, 701 S.W.2d 905, 909 (Tex. Crim. App. 1986); *Trammell v. State*, 511 S.W.2d 951, 954 (Tex. Crim. App. 1974). Accordingly, there is no evidence to support the submission of subparts (a)(2) or (c) of the definition of value in the charge to the jury, and the trial court did not err in failing to do so. Nevertheless, because the Court of Criminal Appeals has determined that the trial court is obligated to include in the jury charge statutory definitions that affect the meaning of elements of the crime that are supported by the evidence, *see Burnett v. State*, 541 S.W.3d 77, 84 (Tex. Crim. App. 2017) and *Villarreal v.*

---

[3] "Fair market value" is not statutorily defined.

*State*, 286 S.W.3d 321, 329 (Tex. Crim. App. 2009), it was error for the trial court to not submit subpart (a)(1) of the definition of value in the charge to the jury.

We now move to the harm analysis. Jury charge error is egregiously harmful if the error affects the very basis of the case, deprives the defendant of a valuable right, vitally affects the defensive theory, or makes a case for conviction clearly and significantly more persuasive. *Taylor v. State*, 332 S.W.3d 483, 490 (Tex. Crim. App. 2011). The harm must be actual, not just theoretical. *Ngo v. State*, 175 S.W.3d 738, 750 (Tex. Crim. App. 2005). To make this determination, we review the entire record, including (1) the complete jury charge, (2) the arguments of counsel, (3) the entirety of the evidence, including the contested issues and weight of the probative evidence, and (4) any other relevant factors revealed by the record as a whole. *Hollander v. State*, 414 S.W.3d 746, 749-50 (Tex. Crim. App. 2013).

The remainder of the jury charge adequately described the offense and included all of the elements of theft. Further, nothing in the record indicates that the lack of a definition would have "confused the jury or caused the jury to misapply the law." *Bullock v. State*, 479 S.W.3d 422, 428 (Tex. App.—Houston [14th Dist.] 2015), *rev'd & rem. on other grounds*, 509 S.W.3d 921 (Tex. Crim. App. 2016) (because commonly understood meaning of value closely resembles applicable statutory definition, egregious harm not supported by record). Nguyen testified as to the fair market value of the property stolen by estimating the purchase price for each item as he was permitted to do. *See Sullivan v.*

*State*, 701 S.W.2d 905, 909 (Tex. Crim. App. 1986). Landrum did not offer any controverting evidence as to that value other than to say that he paid $165 for some of the electronics which were stolen. *See id*. Landrum contends the jury needed the definition to determine depreciated value of some of the property. But again, an owner may testify as to purchase price to establish fair market value, a term included in the definition of value, of property stolen. *Id*.

Accordingly, after reviewing the entire record, we find Landrum was not egregiously harmed by the trial court's failure to define value in terms of section 31.08(a)(1). His second issue is overruled.

**CONCLUSION**

Having overruled each issue presented for review, we affirm the trial court's judgment.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Neill
Affirmed
Opinion delivered and filed November 13, 2019
Publish
[CR25]

